**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| MALLARD IP LLC,<br><br>           Plaintiff,<br><br>     v.<br><br>SUPER MICRO COMPUTER, INC.,<br><br>           Defendant. | No.: 6:21-cv-01011-ADA |

**DEFENDANT SUPER MICRO COMPUTER'S MOTION TO DISMISS
FOR IMPROPER VENUE OR, IN THE ALTERNATIVE,
MOTION TO TRANSFER VENUE TO
THE NORTHERN DISTRICT OF CALIFORNIA**

## TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ........................................................................................................... 1
II. ARGUMENT .................................................................................................................. 1
   A. Venue is Improper in the Western District of Texas ......................................... 1
      1. Supermicro Does Not Reside in This District ......................................... 2
      2. Supermicro Does Not Maintain a Regular and Established Place of Business in This District ........................................................................ 2
   B. In the Alternative, This Case Should be Transferred to the Northern District of California ........................................................................................................... 4
      1. This Action "Could Have Been Brought" in the Northern District of California. .. 5
      2. Private Interest Factors Favor Transfer to the Northern District of California ........ 5
         a. Cost of Attendance for Willing Witnesses ......................................... 5
         b. Relative Ease of Access to Sources of Proof ..................................... 6
         c. Availability of Compulsory Process ................................................. 7
      3. Public Interest Factors Favor Transfer to the Northern District of California ......... 7
         a. Local Interest ....................................................................................... 7
         b. Court Congestion ................................................................................. 8
         c. Familiarity with Applicable Law and Conflicts of Law .................... 8
III. CONCLUSION ................................................................................................................ 9

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*In re Adobe Inc.*,
   2020 WL 4308164 (Fed. Cir. July 28, 2020) ................................................................4, 5, 8

*Bd. of Regents, the Univ. of Tex. Sys. v. Boston Sci. Corp.*,
   No. 1:17-cv-1103, ECF No. 27 (W.D. Tex. Mar. 12, 2018) ..........................................3

*In re Cray Inc.*,
   871 F.3d 1355 (Fed. Cir. 2017) ..................................................................................2, 3, 4

*CUPP Cybersecurity LLC v. Symantec Corp.*,
   2019 WL 1070869 (N.D. Tex. Jan. 16, 2019) ...........................................................3, 4

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009) ..................................................................................5, 6, 8

*GreatGigz Solutions LLC v. Maplebear*,
   2021 U.S. Dist. LEXIS 193682 (W.D. Tex. Oct. 6, 2021). ..........................................3

*In re Hoffmann-La Roche Inc.*,
   587 F.3d 1333 (Fed. Cir. 2009) ..................................................................................7

*In re HP Inc.*,
   2020 WL 5523561 (Fed. Cir. Sept. 15, 2020) ............................................................6

*Optic153 LLC v. Thorlabs Inc.*,
   2020 WL 3403076 (W.D. Tex. June 19, 2020) (Albright, J.) ......................................1

*Pers. Audio, LLC v. Google, Inc.*,
   280 F. Supp. 3d 922 (E.D. Tex. 2017) ........................................................................3

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   137 S. Ct. 1514 (2017) ................................................................................................2

*Uniloc 2017 LLC v. Google LLC*,
   2020 WL 3064460, No. 2:18-cv-00504-JRG-RSP (E.D. Tex., 2020) .........................5

*Uniloc SA Inc. v. Box, Inc.*,
   2018 WL 2729202 (W.D. Tex. June 6, 2018) ............................................................6

*VoIP-Pal.com, Inc. v. Twitter, Inc.*,
   2018 WL 3543031 (D. Nev. July 23, 2018) ...............................................................3

*In re Volkswagen of Am.*,
    545 F.3d at 315 ..................................................................................................................5

*In re ZTE (USA) Inc.*,
    890 F.3d 1008 (Fed. Cir. 2018)..........................................................................................1

**Statutes**

28 U.S.C. § 1400(b) ............................................................................................................1, 2, 3, 4

28 U.S.C. § 1404(a) ....................................................................................................................4, 5

28 U.S.C. § 1406(a) ....................................................................................................................1, 4

**Other Authorities**

Fed. R. Civ. P. 12(b)(3)....................................................................................................................1

Fed. R. Civ. P. 45(c)(1)(A) ..............................................................................................................7

U.S. Patent No. 6,603,330...............................................................................................................1

Defendant Super Micro Computer, Inc. ("Supermicro") files this Motion to Dismiss for Improper Venue under Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, Motion to Transfer Venue pursuant to 28 U.S.C. § 1406(a) based on the following.

## I.   INTRODUCTION

Plaintiff Mallard IP ("Mallard" or "Plaintiff") filed its Complaint on September 30, 2021 accusing Supermicro of infringing U.S. Patent No. 6,603,330 (the "Asserted Patent"). Mallard's Complaint should be dismissed under the Patent Venue Statute, 28 U.S.C. § 1400(b), because (1) Supermicro is a Delaware corporation and, therefore, does not reside in this District, and (2) Supermicro does not have a "a regular and established place of business" in this District.

In the alternative, Supermicro moves to transfer this case to the Northern District of California under 28 U.S.C. § 1406(a). The center of gravity for this litigation lies in the Northern District of California, with no connection to the Western District of Texas. The convenience of the witnesses, the cost of obtaining attendance of witnesses, the location of potentially relevant documents, and the interests of justice all favor transferring this case to the Northern District of California.

## II.   ARGUMENT

### A.   Venue is Improper in the Western District of Texas

"[T]he Plaintiff bears the burden of establishing proper venue" under the Patent Venue Statute, 28 U.S.C. § 1400(b), for a patent infringement action. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018); *see also Optic153 LLC v. Thorlabs Inc.*, 2020 WL 3403076, at *1 (W.D. Tex. June 19, 2020) (Albright, J.) (same). Under the Patent Venue Statute, "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place

of business." 28 U.S.C. § 1400(b). "[A] domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2017). Under the second prong of the statute, there are "three general requirements relevant to the inquiry: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). None of these requirements are met here.

### 1.    Supermicro Does Not Reside in This District

Plaintiff fails to meet the first prong of § 1400(b) because Supermicro does not reside in the Western District of Texas. Supermicro is incorporated in Delaware and maintains its headquarters in San Jose, California, which is located in the Northern District of California. Declaration of Don Wallace Clegg ("Clegg Decl.") ¶ 4. Plaintiff acknowledges that Supermicro is a Delaware corporation. Dkt. 1 at ¶ 2. Therefore, under the first prong of § 1400(b), Supermicro resides in the District of Delaware and Plaintiff cannot satisfy its burden to show proper venue under the residency provision of the Patent Venue Statute. *TC Heartland*, 137 S. Ct. at 1517.

### 2.    Supermicro Does Not Maintain a Regular and Established Place of Business in This District

Plaintiff fails to meet the second prong of § 1400(b) because it has not pled, and cannot carry its burden to show, that Supermicro maintains a "regular and established place of business" in this District. For a defendant to have "a 'regular and established place of business' in a certain district within the meaning of 1400(b)" three conditions must be true: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d at 1360. Importantly, "[i]f **any** statutory

requirement is not satisfied, venue is improper under §1400(b)." *Id.* (emphasis added). Here, all three conditions fail.

Supermicro has no physical place of business within this District; there is no physical property in the W.D. of Texas that is maintained, leased, or owned by Supermicro. Clegg Decl. ¶¶ 7, 8.

At most, Supermicro employs a single worker responsible for handling sales in the Austin, Texas region. Clegg Decl. ¶ 10. This single employee works remotely not from a physical location or workspace provided by Supermicro. *Id.* A single employee working from home is insufficient as a matter of law to establish a regular and established place of business. *In re Cray Inc.*, 871 F.3d at 1363. The "regular and established place of business" must be the place of the defendant, not solely a place of the defendant's employee." *Id.* This standard is widely recognized. *See, e.g., VoIP-Pal.com, Inc. v. Twitter, Inc.*, 2018 WL 3543031, at *4 (D. Nev. July 23, 2018) ("there is no evidence that [defendant's remote software engineer's] work is consumer-facing"); *Pers. Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 936 (E.D. Tex. 2017) (remote employees' homes are not "under the control of Google or were ever held out as Google's places of business").

In *GreatGigz Solutions LLC v. Maplebear*, this Court granted a motion to dismiss when the defendant had only 15 employees who commuted to a physical WeWork site that was rented by Instacart. 2021 U.S. Dist. LEXIS 193682, at *11 (W.D. Tex. Oct. 6, 2021). Similarly, this Court's sister Division applied the *Cray* test and found 46 remote employees insufficient to establish proper venue. *Bd. of Regents, the Univ. of Tex. Sys. v. Boston Sci. Corp.*, No. 1:17-cv-1103, ECF No. 27 at 2 (W.D. Tex. Mar. 12, 2018) (aff'd, 936 F.3d 1365 (Fed. Cir. 2019); *see also CUPP Cybersecurity LLC v. Symantec Corp.*, 2019 WL 1070869, at *4 (N.D. Tex. Jan. 16, 2019)

(finding that 149 remote employees who "choose to, but are not required to, live in Texas" does not constitute a physical place of business under *Cray*).

Plaintiff's sole allegation to support venue is the unsupported statement that Supermicro "has a place of business and, on information and belief, has committed acts of infringement." Dkt. 1 at ¶ 5. In support of personal jurisdiction over Supermicro, Plaintiff relies on the allegation that Supermicro "advertises jobs for Austin, Texas on its website and elsewhere." Dkt. 1 at ¶ 4. Plaintiff's bare allegations do not satisfy the second prong of § 1400(b) because, even if alleged in support of venue, which it is not, posting job advertisements does not amount to any "physical place" as required by the Federal Circuit. *See, e.g., In re Cray*, 871 F.3d at 1362 ("there must be…a, geographical location from which the business of the defendant is carried out.") (emphasis added).

For the foregoing reasons, venue is improper for Supermicro in this district under both prongs of § 1400(b) and the Court should grant Supermicro's Motion.

### B.  In the Alternative, This Case Should be Transferred to the Northern District of California.

Because venue is improper in this District, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Even if this Court elects not to dismiss Mallard's Complaint, the Court should transfer this case to the Northern District of California, where venue is proper.

District courts throughout this Circuit apply the § 1404(a) public and private convenience factors in assessing transfer under §1406(a)—with the exception that the proposed venue need not be "clearly" more convenient. *See In re Adobe Inc.*, 2020 WL 4308164, at *4 (Fed. Cir. July 28, 2020); *CUPP Cybersecurity*, 2019 WL 1070869, at *6–7. Here, the Court should transfer this case to the Northern District of California, where Supermicro is headquartered and maintains its

principal place of business, and where the overwhelming majority of relevant witnesses and documents reside. For the same reasons, transfer would also be appropriate under 28 U.S.C. § 1404(a).

### 1. This Action "Could Have Been Brought" in the Northern District of California.

This action could have been brought in the Northern District of California because that is where Supermicro maintains its headquarters, conducts its business, and where it employs its employees. *In re Volkswagen of Am.*, 545 F.3d at 315. Clegg Decl. ¶¶ 4, 6.

### 2. Private Interest Factors Favor Transfer to the Northern District of California.

#### a. MMCost of Attendance for Willing Witnesses

The convenience of witnesses attending trial "is probably the single most important factor in [a] transfer analysis." *Genentech*, 566 F.3d at 1345. The Federal Circuit recently highlighted this point, holding that transfer was appropriate even where a defendant maintained more than one physical office within the Western District of Texas—in stark contrast to Supermicro, **which has zero**—because the defendant had "identified a significant number of its own employees as potential witnesses who reside in the Northern District of California." *In re Adobe*, 2020 WL 4308164, at *5; Clegg Decl. ¶¶ 7-10. Further, in light of the COVID-19 pandemic, there is a greater importance in the 100-mile rule than ever before—not only is traveling long distance a matter of convenience, it may also make the difference between a witness's being able to appear for trial or not. *See Uniloc 2017 LLC v. Google LLC*, 2020 WL 3064460, No. 2:18-cv-00504-JRG-RSP (E.D. Tex., 2020).

Mallard has not identified a single potential witness with relevant knowledge residing within this District. The witnesses with the most knowledge applicable to this case reside exclusively in the Northern District of California. Clegg Decl. ¶ 12. Those employees most

knowledgeable about the business and financial aspects of the Accused Products, sales and accounting, reside in the Northern District of California. *Id.* The employees who are the most knowledgeable regarding the design, development, and function of the Accused Products reside in the Northern District of California. *Id.* The product managers, product marketing managers, engineers, designers, and staff all reside in the Northern District of California. *Id.* Additionally, the majority of executive and management level employees who oversee key decisions regarding the design, structure, and content of the relevant features reside in the Northern District of California. *Id.* The Accused Products were not developed in this District, were not designed in this District, and are not maintained in this District. *Id.*

This factor supports transfer to the Northern District of California.

### b. Relative Ease of Access to Sources of Proof

The Federal Circuit has stated that "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted).

As the accused infringer, Supermicro maintains the majority of its relevant documents relating to the design, development, and maintenance of the Accused Products in its San Jose office in the Northern District of California and maintains none in the Western District of Texas. Clegg Decl. ¶¶ 13, 14. These documents include any hard-copy documents relevant to the design, development, marketing, and function of the Accused Products. Clegg Decl. ¶¶ 13, 14.

This factor supports transfer to the Northern District of California. *See Uniloc SA Inc. v. Box, Inc.*, 2018 WL 2729202, at *3 (W.D. Tex. June 6, 2018) (granting transfer where, inter alia, all "relevant hard-copy documents are stored in Northern California"); *see, also, In re HP Inc.*, 2020 WL 5523561, at *3 (Fed. Cir. Sept. 15, 2020) (explaining that "relative ease of access, not

absolute ease of access" is the critical inquiry (quoting *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013)).

### c. Availability of Compulsory Process

This factor weighs in favor of transfer when "a transferee venue has absolute subpoena power" over a substantial number of witnesses. *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) (citing *Genentech*, 566 F.3d at 1345). A district court may only compel a witness to attend a trial, hearing, or deposition "within 100 miles of where the person resides, is employed, or regularly transacts business." Fed. R. Civ. P. 45(c)(1)(A). Importantly, Supermicro is unaware of—and Plaintiff has not identified—a single third party witness in or anywhere near the Western District of Texas. The inventor of the Asserted Patent, Warren Snyder, is listed as a resident of Snohomish, Washington. (Dkt. 1, Ex. B at 1.) If Mr. Snyder is still a resident of Washington, he will be outside of the subpoena power of this Court.

### 3. Public Interest Factors Favor Transfer to the Northern District of California.

### a. Local Interest

Local interests are most salient when a district is home to a party, especially the defendant since an infringement suit "calls into question the work and reputation" of those who "presumably conduct business in that community." *In re Hoffmann-La Roche*, 587 F.3d at 1336. Supermicro was founded in 1993 in San Jose, California and since its founding, its headquarters has always been located in the Northern District of California. Clegg Decl. ¶ 4. Supermicro currently employs over two thousand individuals at its San Jose headquarters. Clegg Decl. ¶ 6. Again, the Accused Products were designed and developed by Supermicro in the Northern District of California, and any relevant employees are also residents of that district. Clegg Decl. ¶ 12.

Because this case involves adjudicating the alleged acts and consequences of its own residents, the Northern District of California has a strong local interest in hearing this case. Thus, this factor favors transfer to the Northern District of California.

### b.   Court Congestion

"To the extent that court congestion is relevant, the speed with which a case can come to trial and be resolved may be a factor." *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). However, when "several relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all of those other factors." *Id. See also In re Adobe*, 2020 WL 4308164, at *6 (instructing that the standard cross-district time-to-trial comparison was inapplicable given the "several factors favoring transfer and nothing else favoring retaining this case in Western Texas."). Additionally, the Federal Circuit has noted that "the court's general ability to set a schedule" more quickly than other courts does not speak to "whether there is an appreciable difference in docket congestion between the two forums." *Id.* The average time to trial in the Western District of Texas and the Northern District of California are comparable (24-28 months). Thus, if this factor is deemed relevant, it should be treated as neutral.

### c.   Familiarity with Applicable Law and Conflicts of Law

The last of the public interest factors are neutral, as Supermicro is not aware of any applicable conflicts of law, and all federal courts are equally capable of applying federal patent law, especially since the Northern District of California is no stranger to patent litigation.

The center of gravity for this case is the Northern District of California. All of Supermicro's witnesses and documents reside there. Clegg Decl. ¶¶ 12-14. There are no relevant witnesses or documents in the Western District of Texas. *Id.* Therefore, both private and public interest factors weigh in favor of transfer to the Northern District of California.

## III.  CONCLUSION

For the foregoing reasons, Supermicro respectfully requests that this Court grant its motion to dismiss, or in the alternative, transfer to the Northern District of California.

DATE: December 17, 2021

KING & SPALDING LLP

*/s/ Jeffrey D. Mills*
Jeffrey D. Mills, TX State Bar No. 24034203
KING & SPALDING LLP
500 W. 2nd Street, Suite 1800
Austin, TX 78701
Telephone: (512) 457-2000
Facsimile: (512) 457-2100
jmills@kslaw.com

*Attorneys for Defendant Super Micro Computer, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on December 17, 2021 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ <i>Jeffrey D. Mills</i><br>
Attorney for Defendant